# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

KEATON & ASSOCIATES,

    Plaintiff,

v.

PHOENIX TRADING COMPANY, LLC, THE PERIMETER GROUP INTERNATIONAL, INC., AMERICE, INC., ARBOR INTERNATIONAL FOODS, LLC, ALLEN'S INC. d/b/a ALLENS CANNING COMPANY, ROBERT D. GOLUB d/b/a PHOENIX TRADING CO., ROBERT J. FANG, d/b/a PHOENIX TRADING COMPANY and ROBERT D. GOLUB, KAREN P. GOLUB, ROBERT J. FANG, SUSAN FANG, each individually,

    Defendants.

CIVIL ACTION NO.
1:08-CV-2627-RWS

## **ORDER**

This case comes before the Court on Defendant Allens, Inc., Motion for Declaratory Judgment on its Duties as Interpleader and Application for Fees and Costs [35]. After a review of the record, the Court enters the following

Order.

On August 15, 2008, Plaintiff Keaton & Associates, filed the instant action naming Allens, Inc. d/b/a Allens Canning Company ("Allens") as a defendant. At a hearing before the Court held on March 10, 2009, Allens confirmed to the Court that it was currently holding $145,302.33 in funds payable to certain of the Defendants. (Hearing March 10, 2009.) At the hearing, all parties agreed with this Court's instruction that Allens would pay a specified amount into the registry upon Order of the Court, an amount dictated by the agreement of Plaintiff and Robert D. Golub d/b/a Phoenix Trading Co., Robert D. Golub ("Golub Defendants"). Pursuant to an Order on March 19, 2009, Allens deposited $103,066.80 into the Court's registry. (See Order dated March 19, 2009.) Allens subsequently filed the present Motion seeking attorneys' fees and costs as well as direction from the Court as to the remaining corpus of the funds it is holding. (Dkt. No. [35] at 3; See Fed. R. Civ. P. 22)

"Attorneys' fees are justified in many interpleader actions for several reasons. First, an interpleader action often yields a cost-efficient resolution of a dispute in a single forum, rather than multiplicitous, piecemeal litigation. Second, the stakeholder in the asset often comes by the asset innocently and in

2

no way provokes the dispute among the claimants. Third, fees for the stakeholder typically are quite minor and therefore do not greatly diminish the value of the asset." In re Mandalay Shores Coop. Housing Ass'n, Inc., 21 F.3d 380, 383 (11th Cir. 1994). An award of fees and costs is generally appropriate when the costs are necessary and directly related to the interpleader action and not generated by the actions of the neutral stakeholder. Sun Life Assur. Co. of Canada v. Bew, 530 F. Supp. 2d 773, 778 (E.D. Va. 2007). The Court has discretion as to whether to grant an award of attorneys' fees and the amount. (Id.)

In separate responses to the Motion, Plaintiff and the Golub Defendants contend that Allens is not entitled to recover attorneys' fees. (Dkt. Nos. [46] [47].) First, both Plaintiff and the Golub Defendants argue that Allens failed to comply with its duties as an interpleader under 28 U.S.C. § 1335(a) because it did not deposit the interpleader funds into the Court registry until ordered by the Court to do so. (Dkt. No. [46] at 3; Dkt. No. [47] at 3.) At the hearing on March 10, 2009, the Court instructed the parties to confer as to the amount that was owed to the Plaintiff with a degree of certainty. Allens properly followed the Court's instructions by immediately complying with the Order on March 19,

3

2009. The failure of Allens to unilaterally deposit the funds does not bar its compliance with the interpleader requirements.

Next Plaintiff argues that Allens' Motion seeks an advisory opinion beyond the subject matter jurisdiction of the federal courts to determine "cases" and "controversies". U.S. Const. Art. III § 2. The Court finds that entitlement to the funds held by Allens' is in dispute. Accordingly, the Motion presents a sufficient controversy such that the Court has jurisdiction.

Finally, the Golub Defendants claim that the amount of attorneys' fees sought by Allens is not specifically related to the interpleader action and would seriously deplete the remaining interpleader fund. (Dkt. No. [46] at 4.) The Court has reviewed the affidavit of Allens' counsel Taylor Tapley Daly along with billing statements from her law firm, Nelson Mullins Riley & Scarborough, LLP and finds that the fees are reasonable and directly related to Allens' role in this case herein.

The Court finds that Allens has met its burden of establishing entitlement of attorneys' fees in the amount of $6940.71. Allens shall deduct this amount from the remaining corpus of the funds it is holding. The balance of $35,294.82 shall be placed in the registry of the Court. At this time, the Court makes no

4

determination as to the allocation of the remaining funds.

## Conclusion

Based on the foregoing, Defendant Allens, Inc., Motion for Declaratory Judgment on its Duties as Interpleader and Application for Fees and Costs [35] is **GRANTED**.

**SO ORDERED** this  13th  day of May , 2009.

_____
**RICHARD W. STORY**
United States District Judge

5