**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

KEATON & ASSOCIATES, :
:
    Plaintiff, :
:
v. : CIVIL ACTION NO.
: 1:08-CV-2627-RWS
PHOENIX TRADING COMPANY, :
LLC, THE PERIMETER GROUP :
INTERNATIONAL, INC., :
AMERICE, INC., ARBOR :
INTERNATIONAL FOODS, LLC, :
ROBERT D. GOLUB d/b/a :
PHOENIX TRADING CO., ROBERT :
J. FANG, d/b/a PHOENIX TRADING :
COMPANY and ROBERT D. :
GOLUB, KAREN P. GOLUB, :
ROBERT J. FANG, SUSAN FANG, :
each individually, :
:
    Defendants. :

## **ORDER**

This case comes before the Court on Defendants' Motion for Partial Summary Judgment [15].

Defendants seek a determination as a matter of law on Plaintiff's claim for Breach of Settlement Agreement (Count I, Amended Complaint [1].) This cause of action arises from Plaintiff's attempt to collect a judgment awarded by

the Circuit Court of Cook County, Illinois on August 25, 2006. The Court conducted an evidentiary hearing on July 8, 2009 to seek clarification of the parties' positions regarding any partial satisfaction of the judgment, the remaining balance, and calculation of attorneys' fees and costs.

By way of a brief factual outline, the parties entered into an agreement regarding the outstanding balance from the Cook County judgment for $193,770.46 (herein "Settlement Agreement"). The parties do not dispute that Defendants breached the agreement by failing to comply with the required monthly payments. As an initial matter, the Court finds that this breach does not entitle Plaintiff to retroactively seek recovery of fees pertaining to the original judgment amount. The Cook County judgment does not provide for attorneys' fees and therefore, Plaintiff cannot claim them as a result of the breach, but rather is bound by the terms of the settlement agreement. Prospective attorneys' fees derived from the collection of the judgment are appropriate. Therefore, Plaintiff's damages starting figure of $215,350.89 is incorrect.

Next, the Court finds that the calculation of attorneys' fees with regard to Count I is limited to those designated under O.C.G.A. § 13-1-11 regarding

expenses incurred in the collection of a judgment.[1] Plaintiff is entitled to recover the specified percentage of fees in seeking to collect payment under the Settlement Agreement. However, the issue of attorneys' fees under O.C.G.A. § 13-6-11 requested under Count VI (Complaint [1]) is not presently before the Court. Plaintiff has not established, and the Court cannot determine at this time, that Plaintiff is entitled to recover expenses of litigation as a result of Defendants' alleged bad faith or stubbornly litigious actions. Plaintiff's recovery under O.C.G.A. § 13-6-11 remains a pending issue before the Court.

Furthermore, the Motion for Partial Summary Judgment does not seek to establish the amount of individual Robert Golub's liability pursuant to his role as a guarantor. Such liability was established by the Fulton County Superior Court on February 19, 2008. Therefore, the Court's determinations herein

---

[1]O.C.G.A. § 13-1-11 provides in relevant part:
(a) Obligations to pay attorney's fees upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, shall be valid and enforceable and collectible as a part of such debt if such note or other evidence of indebtedness is collected by or through an attorney after maturity, subject to the following provisions:

(2) If such note or other evidence of indebtedness provides for the payment of reasonable attorney's fees without specifying any specific percent, such provision shall be construed to mean 15 percent of the first $500.00 of principal and interest owing on such note or other evidence of indebtedness and 10 percent of the amount of principal and interest owing thereon in excess of $500.00...

3

pertain only to the liability of The Perimeter Group International, Americe, Inc., and Arbor International Foods under Count I.

Given these findings and a review of the record, the Court determines that the starting point calculation from which to establish Defendants' liability under Count I is as follows:

|  | DATE | AMOUNT |
|---|---|---|
| Original judgment | 8/25/2009 | $161,091.79 |
| Settlement Agreement | 7/27/2007 | $193,770.46 |
| Payment- garnished funds | 7/27/2007 | ($80,611.15) |
| Payment- monthly payments per terms of Settlement Agreement | 8/2007-10/2007 | ($28,289.85) |
| Total due | 10/16/2007 | $84,869.46 |

The parties shall calculate interest at the agreed-upon rate of 1% monthly from the date set forth above. Incremental payments made by Defendants shall be credited against the remainder balance. Defendants' balance is to be further reduced by the Clerk of Court's disbursement of $103,066.80 on March 30, 2009. Finally, Plaintiff is entitled to attorneys' fees pursuant to O.C.G.A. § 13-1-11, calculated at a rate of 15% for the initial $500.00 of the judgment balance

4

and 10% of the remaining principal and interest owing under the terms of the Settlement Agreement when Plaintiff brought this action.

Based upon the Court's findings, the parties are directed to confer in an effort to agree upon the calculation of the amount owing pursuant to Count I. If the parties are unable to reach an agreement regarding the calculations, each party may submit its proposed calculations to the Court for a final determination.

## Conclusion

Based on the foregoing, Defendants' Motion for Partial Summary Judgment [15] is **GRANTED** such that the damages which Plaintiff is entitled to recover pursuant to Count I are limited to the sum determined pursuant to the Court's formula stated above.

**SO ORDERED** this  10th  day of July, 2009.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

5