# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

KEATON & ASSOCIATES, :
:
    Plaintiff, :
:
v. : CIVIL ACTION NO.
: 1:08-CV-2627-RWS
PHOENIX TRADING COMPANY, :
LLC, THE PERIMETER GROUP :
INTERNATIONAL, INC., :
AMERICE, INC., ARBOR :
INTERNATIONAL FOODS, LLC, :
ALLEN'S INC. d/b/a ALLENS :
CANNING COMPANY, :
ROBERT D. GOLUB d/b/a :
PHOENIX TRADING CO., ROBERT :
J. FANG, d/b/a PHOENIX TRADING :
COMPANY and ROBERT D. :
GOLUB, KAREN P. GOLUB, :
ROBERT J. FANG, SUSAN FANG, :
each individually, :
:
    Defendants. :

## **ORDER**

This case comes before the Court on Plaintiff's Motion for Sanctions and Contempt [52], Plaintiff's Motion for Partial Summary Judgment [63], and Plaintiff's Motion for Writ [66]. After a review of the record, the Court enters the following Order.

Plaintiff Keaton and Associates, P.C. ("Plaintiff") initiated the instant action seeking to recover unpaid legal fees due from the various listed Defendants.

## I. Motion for Sanctions and Contempt

On February 13, 2009, Defendants Phoenix Trading Company, LLC, The Perimeter Group International, Inc., Robert D. Golub d/b/a Phoenix Trading Co., Robert D. Golub, and Karen P. Golub (collectively " Defendants") filed an Emergency Motion for a Temporary Restraining Order and Preliminary Injunction [23]. Defendants requested that the Court issue:

> an order applying escrowed funds held by Defendant Allens, Inc d/b/a Allens Canning ("Allens") to a liquidated judgment debt due and owing to Plaintiff, to release any remaining funds to Defendant Phoenix, and to enjoin Plaintiff from levying the personal assets of Defendant Robert D. Golub or otherwise seek to obtain payment from Defendant Robert D. Golub until such time Plaintiff has an additional judgment against Defendant Robert D. Golub that should be satisfied.

(Dkt. No. [23] at 2.) In support of the Motion, Defendants attached an affidavit of Robert Golub detailing the irreparable harm he incurred due to the seizure of his personal property. (Dkt. No. [23], Affidavit of Robert D. Golub.) With the consent of the parties, the Court granted the Motion and ordered that Plaintiff

2

was enjoined from "levying the personal assets of Defendant Robert D. Golub until further order of the Court" (See Order dated February 19, 2009 [27].) At a full hearing on March 10, 2009, Plaintiff's counsel raised jurisdictional issues under the relevant Eleventh Circuit law and the Anti-Injunction Act which served to bar the requested injunctive relief. Accordingly, the Court issued an Order denying Defendants' Preliminary Injunction request. (See Order dated March 10, 2009 [33].)

Plaintiff now seeks an entry of sanctions under 28 U.S.C. § 1927 against counsel for the Perimeter Entities [52].[1] Plaintiff contends that Defense Counsel materially misrepresented that Mr. Golub was suffering personal and irreparable harm when in fact the property did not belong to him. (Dkt. No. [52] at 4; Exh. B. Robert D. Golub Dep.) Further, Plaintiff argues that Defendants' Counsel violated their duty of candor to the Court by failing to cite the controlling statute and law which barred the requested relief. (Id. at. 7.) Such actions amount to a fraud upon the Court, bad faith, and an abuse of the

---

[1] 28 U.S.C. § 1927 permits the imposition of sanctions for:
"Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

3

judicial process. Plaintiff seeks damages in the amount of $25,000 for the cost associated with defending the frivolous motion, as well as a perjury investigation by the United States Attorney's Office for the Northern District of Georgia. In response, Defendants state: "The primary goal and only prayer for relief contained in the TRO Motion was for the entry of 'an Order applying certain escrowed funds held by Allens to the liquidated judgment debt owed to Plaintiff,' albeit with the desired effect of stopping the continued levy efforts."[2] With respect to the accusations by Plaintiff, Defendants argue that on its face, Robert Golub's Affidavit was and remains true, because he simply stated that "personal property" was seized and did not specify that it was **his** personal property. Moreover, at the time of the Affidavit, both Defendant Golub and Defense Counsel believed the seized property belonged to Defendant Golub. Upon discovery of the property's true owner, Defendants failed to supplement the Affidavit because, "the threatened harm was the continued levy of any personal property no matter to whom it belonged." (Dkt. No. [56] at 9.) Also,

---

[2]This statement is blatantly false. Defendants unequivocally requested that the Court issue an injunction prohibiting Plaintiff from seizing the personal property of Robert Golub. To now deny such request for relief calls into question Counsel's candor with the Court.

4

Defense Counsel contend that they were unaware of the Anti-Injunction Act and its limitations on the requested relief at the time of filing the TRO motion. (Id. at 10.)

The Court finds that Plaintiff has not demonstrated that sanctions are warranted under 28 U.S.C. § 1927. While the Court has serious reservations concerning the authenticity and motive behind Defendants' request for injunctive relief pertaining to Mr. Golub's alleged property, it cannot state that the TRO motion was wholly frivolous or unreasonable and vexatious. When Defendants filed the motion, sufficient funds were available with Allens to satisfy the obligation to Plaintiff. Defendants sought to apply those funds to the obligation and end this controversy. As the Court finds *infra*, Plaintiff could have been paid in full with the funds from Allens. Defendants' motion sought to force the issue to conclusion. However, Plaintiff has extended the litigation through its unwillingness to agree to a reasonable conclusion to this case. Under these circumstances, the Court finds that it would be inappropriate to reward Plaintiff's conduct with sanctions against Defendants. Accordingly, Plaintiff's Motion for Sanctions and Contempt [52] is **DENIED**.

AO 72A
(Rev.8/82)

**II.    Judgment Balance Calculation under Count I**

On July 10, 2009, the Court granted Defendants' Motion for Partial Summary Judgment as to Count I of Plaintiff's Amended Complaint. (See Order dated July 10, 2009 [61].) The Court requested that the Parties confer in an effort to agree upon the calculation of the amount owing. (Id.) Unable to reach an agreement, the Parties have submitted notices to the Court of their calculations (See Dkt. Nos. [62, 64, 70, 71].) Upon review of the calculations, the Court finds Defendants' argument and proposed figures persuasive. The garnishment from the bank account of Defendant Robert D. Golub for $4,550.62, as well as payments by guarantor Peter Cranston should be credited against the remaining Judgment Balance. While Plaintiff did in fact include such payments in its cost calculations presented to the Court on July 8, 2009, inexplicably, such credits are absent from Plaintiff's current calculations. Nevertheless, the Court finds that such payments are appropriately credited against the owed balance. After review of the calculations, the Court finds that Defendants have overpaid on the Judgment Balance in the amount of $23,802.97.[3] Plaintiff is directed to immediately reimburse Defendants for this

---

[3]This calculation includes an award of attorneys' fees to Plaintiff of $7,292.51.

6

stated amount.[4]

## III.  Motion for Partial Summary Judgment

Plaintiff seeks partial summary judgment against all Defendants on Count VI of the First Amended Complaint seeking attorneys' fees and the costs of litigation under O.C.G.A. § 13-6-11. (Dkt. No. [63].) Plaintiff contends that Defendants acted in bad faith and were stubbornly litigious with respect to the Settlement Agreement entered into on July 27, 2007.[5] Plaintiff argues that Defendants had no intention of honoring the terms of the Settlement Agreement as evidenced by their breach of the payment plan, subsequent transfer of assets, and incorporation of new entities in an attempt to hide assets. (Id. at 8.) Further, although the issue of Defendants' liability for the outstanding debt is undisputed, Defendants continue to fight the Plaintiff's efforts to enforce the judgment. Plaintiff states that such conduct has resulted in frivolous litigation and unnecessary delay and expense.

---

[4]Based on the Court's finding, Plaintiff's Motion for Writ [66] is **DENIED as moot**.

[5]This Settlement Agreement is the subject of Count I of Plaintiff's First Amended Complaint (Dkt. No. [11].) In part in the Agreement, Plaintiff agreed to release a minimum of 50% of the garnished funds back to Defendants in exchange for the monthly installment payments. (See Plaintiff's Exh. A, Dkt. No. [63].)

7

In response, Defendants argue that they had good faith intentions of complying with the terms of the Settlement Agreement but were prohibited from doing so due to the failure of their business and lack of capital. (Dkt. No. [68] at 3-4.) Further, Defendants argue that while they did cease payments on the Settlement Agreement, "a bona fide controversy does exist concerning the reason behind entering into Agreement and the eventual non-payment." (Id. at 5.)

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.

8

Ed. 2d 265 (1986) (internal quotations omitted)). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002).

The Court finds that Plaintiff has not demonstrated as a matter of law that Defendants acted with bad faith or were stubbornly litigious with respect to payments under the Settlement Agreement. Accordingly, Plaintiff's Motion for Partial Summary Judgment [63] on Count VI of the First Amended Complaint is **DENIED**. [6]

---

[6]Plaintiff has been awarded attorneys' fees and interest at each step of the collection process. Defendants have paid a total of $243,247.30 on the $161,091.79 original judgment. These payments were the result of Defendants' failure to satisfy a lawful judgment, and the Court has no issue with the same. Included in the payments are attorneys' fees for the bringing of the present action and interest accrued at the rate of 12% per annum. Plaintiff has been fully compensated. As a result of the rulings in this Order, all issues in the case are resolved except Count VI. Plaintiff may either voluntarily dismiss the Count VI claim, or the Parties are **ORDERED** to submit a proposed consolidated pretrial order within thirty (30) days of the entry of this Order.

## Conclusion

Based on the foregoing, Plaintiff's Motion for Sanctions and Contempt [52] is **DENIED**, Plaintiff's Motion for Partial Summary Judgment [63] is **DENIED**, and Plaintiff's Motion for Writ [66] is **DENIED as moot**.

Plaintiff is **DIRECTED** to reimburse Defendants in the amount of **$23,802.97.**

**SO ORDERED** this  31st  day of March, 2010.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)